PERRY and others *vs.* HEPBURNE.

Section 2 of the Act of February 17, 1842, requiring that every suit in eject-
    ment to recover lands sold for taxes, by any person claiming through any
    other source, shall be commenced within ten years from the time of actual
    possession under such tax title, was continued in force as to 'all rights of
    action, accrued before the taking effect of the Revised Statutes of 1846, by
    virtue of Section 9, Chapter 139, of the Revised Statutes of 1846. Ejectment
    was brought where the defendant entered into possession of the premises, in
    August, 1842, under color of a tax title, but as the action was not commenced
    within ten years from the time of the entry into possession by defendant,
    the action was held barred by the Act of 1842.

Error to Wayne Circuit.

This action was ejectment to recover forty acres of land in
the township of Dearborn, Wayne county, commenced June
29th, 1853. The plaintiffs were the heirs of the original
patentee of the land, and proved title in themselves. Defen-
dants resisted a recovery, by showing actual possession of the
premises since August 16th, 1842, and down to the time of the
commencement of the suit, by virtue of a tax deed executed
in 1838, by the Treasurer of Wayne county, under and by
virtue of a sale, for the non-payment of the taxes of 1835.
The defendant claimed that by the provisions of the Act
entitled, an Act in relation to certain actions of ejectment,
limiting recoveries therein to a period of ten years, approved
February 17, A. D. 1842, the suit was barred. The plaintiffs
claimed that this Act of February 17, 1842, was, by the
Revised Statutes of 1846, Chapter 173, page 732, repealed
before it ever became operative. The only question was,
whether the Act of February 17, 1842, barred the plaintiffs'
right of recovery.

*Backus & Harbaugh*, for plaintiffs.

Contended that the repealing Act (*Revised Statutes*, 1846, 732), did not continue in force any provisions of the Act repealed (*the Act of February* 17, 1842), except where some right had *accrued* or become *established*. No right had accrued or become established in the defendant at the time of the repealing Act. No right could have accrued to defendant until 1852, ten years after their entry, when the Act of 1842 would first become operative. An Act like this, operating to defeat a right, should receive a strict construction.

Lastly *vs.* Cramer (2 *Doug.*, 307), in no way affects this question. The statute then under consideration was avowedly a general statute of limitations, and amendatory of the general statute ; and in that case the repealing Act itself, unlike the present, made special provisions as to acts of limitation.

The intention of the Act was to affect remedies specified in it, which had accrued or were accruing under the general act of limitation which had preceeded that. The rule is well settled that the statute of limitations in force at the time of bringing the action, determines the right to sue. (6 *How.*, 601, 602.) A statute of limitations does not apply to limit a right that had accrued before its passage. (*Gilpin R.*, 556 ; 8 *Wend.*, 661 ; 1 *How.*, 311 ; 7 *J. R.*, 477 ; 3 *Barb.*, *S. C.*, 310 ; 2 *Sandf.*, 477.) The Act in question is a special Act, and when repealed, all right is gone under it. Its repeal is a competent exercise of Legislative power. (2 *Pet.*, 523.)

*Lothrop & Duffield*, for defendants, cited Joy *vs.* Thompson (1 *Doug.*, 373), Lastly *vs.* Cramer (2 *Ib.*, 307).

By the Court, GREEN, J.

The second Section of the Act of February 17, 1842, provided "that every suit in ejectment to recover lands sold for taxes, by any person claiming title through any other source, shall be commenced within ten years from the time of taking

Perry *et al.*, *vs.* Hepburne.

actual possession under such tax title." (*Laws* 1842, *p.* 133.) This provision of the Act of 1842 remained in force until repealed by the statutes of 1846. (*R. S., p.* 732.) And it is insisted on the part of the plaintiffs, that such repeal was absolute, and without any reservation of the accruing right of the defendant, under the Act so repealed.

On the other hand, it is insisted by the defendant that his right to a bar of the plaintiffs' action, under the Act of 1842, which was in force when the same accrued, is secured to him by Section 9, of Chapter 139 of the Revised Statutes, entitled, "Of the limitation of actions relating to real property." (*R. S., p.* 598.) That section is in the following words: "When the right of action or entry shall have accrued before the time when this chapter shall take effect as a law, the same shall not be affected by this chapter; but all such actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitation of such actions or rights of entry." The right of action of the plaintiffs in this suit accrued under the law of 1842, and must be determined according to that law, if effect is given to the provision of the Revised Statutes above cited. The whole body of laws designated as "The Revised Statutes," was passed as one Act, and must be construed together as such. The same Act which repealed the law of 1842 in terms, and wholly abrogated its provisions as to rights of action, or entry accruing after the repeal took effect, continued it in force as to all rights of action or entry, which had then accrued, unless the construction insisted upon by the counsel for the plaintiffs is sound. It is assumed that the saving clause in Section 9 of the general Statute of Limitations in the Revised Statutes, does not embrace rights of action accruing under the Act of 1842, because that was a special Act, for a special purpose, and was intended to be wholly repealed. I am unable to see the force of this assumption. That Act, though entitled, "An Act concerning

certain actions of ejectment," is a Statute of Limitation, and is no more special than are many provisions of Title 26 of the Revised Statutes, entitled, " Of the Limitation of Actions." It is confined to a certain class of rights of action, but it is general as embracing all of that class, and this action, being within the saving clause contained in Section 9, must be determined according to the law of 1842, under which the right accrued, and by virtue of which it is now barred. (*See Joy* vs. *Thompson,* 1 *Doug. Mich. R.,* 373; *Lastly* vs. *Cramer,* 2 *Ib.,* 307.)

The judgment of the Circuit Court for the county of Wayne must be affirmed, with costs to the defendant.

Present, GREEN, COPELAND, PRATT, BACON, WING, JOHNSON, J. J.

MARTIN, J., did not sit in this case.

DOUGLASS, J., did not participate, having decided the cause in the Court below.